IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00630-REB-KLM

JOSHUA E. WINGFIELD,

    Plaintiff,

v.

S.O.R.T. SGT. CLARK,
S.O.R.T. DEPUTY BRIESKE,
S.O.R.T. DEPUTY REID,
S.O.R.T. DEPUTY WOODS, and
FOUR UNKNOWN S.O.R.T. DEPUTIES under Sgt. Clarks [sic] command on 2-23-11 who participated in the use force,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on a letter from Plaintiff "asking for summary judgement [sic]" [Docket No. 10; Filed May 19, 2011]. The letter was docketed as a Motion and referred to the Magistrate Judge for resolution. As Plaintiff has been warned in his other pending case, *Case No.* 10-cv-01375-REB-KLM [Docket Nos. 85 & 95], all pleadings seeking relief must be filed by motion which contains a case caption. *See* D.C.COLO.LCivR 10.1J. The present Motion does not comply and is subject to denial on this basis alone. Nevertheless, the Court considers the merits of the Motion.

Although Plaintiff purports to be seeking summary judgment, he is, in fact, requesting that default judgment be imposed pursuant to Fed. R. Civ. P. 55(b) based upon the allegation that Defendants have failed to timely answer the Complaint. As a preliminary matter, the allegation is premised on an incorrect assumption that Defendants have been

served.  As Plaintiff is proceeding *in forma pauperis*, the United States Marshal has been ordered to effect service on Defendants [Docket No. 8].  *See* Fed. R. Civ. P. 4(c)(3).  At present, there is no record that service has been accomplished.[1]  As such, the time for Defendants to respond has not been set.

Furthermore, default judgment is an inappropriate remedy under the circumstances. Pursuant to Fed. R. Civ. P. 55(a), default judgment is not available unless Plaintiff has first moved for and obtained entry of default from the Clerk of Court.  *See Nagim v. Napolitano*, No. 10-cv-00329, 2010 WL 2163646, at *1 (D. Colo. May 27, 2010) (unpublished decision) (noting that "[f]ailure to successfully complete the first step of obtaining an entry of default necessarily precludes the granting of default judgment at step two").  Entry of default has not been sought or granted here.  Moreover, given the lack of service, any request for entry of default would be premature.  For the reasons set forth above,

IT IS HEREBY **ORDERED** that the Motion is **DENIED without prejudice**.

Dated:  May 23, 2011

BY THE COURT:

 s/ Kristen L.  Mix
Kristen L.  Mix
United States Magistrate Judge

---

[1] To the extent that Plaintiff's Motion could be interpreted to suggest that he served Defendants personally by mailing them a copy of an unexecuted Summons and his Complaint, see *Motion* [#10] at 2-13, personal service cannot be accomplished through these informal means. *See* Fed. R. Civ. P. 4.  Plaintiff is entitled to service of his case by the United States Marshal and service will be accomplished as soon as reasonably practicable.