IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00630-REB-KLM

JOSHUA E. WINGFIELD,

     Plaintiff,

v.

S.O.R.T. SGT. CLARK,
S.O.R.T. DEPUTY BRIESKE,
S.O.R.T. DEPUTY REID,
S.O.R.T. DEPUTY WOODS, and
FOUR UNKNOWN S.O.R.T. DEPUTIES under Sgt. Clarks [sic] command on 2-23-11 who
participated in the use force,

     Defendants.
_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Motion to Strike Plaintiff's "Motion for Response to Defendants['] Answer and Summary Judgment in Favor of Plaintiff"** [Docket No. 27; Filed August 1, 2011] (the "Motion"). On July 6, 2011, Plaintiff filed a five page "Motion for Response to Defendants['] Answer and Summary Judgment in Favor of Plaintiff" [Docket No. 26] (the "Motion for Response"), three accompanying Declarations, a copy of a medical bill estimate, and copies of two inmate grievance forms. Defendants contend that these documents should be stricken because (1) the Federal Rules of Civil Procedure and the Court's Local Rules do not contemplate or permit a response to an answer, and (2) Plaintiff "fails to properly plead his motion [as one for summary judgment] pursuant to Fed. R. Civ. P. 56 and D.C.COLO.LCivR 56.1 by failing to identify each claim

or part of each claim on which summary judgment is sought." *Motion* [#27] at 2-3.

The Court agrees with Defendants and finds that striking the Motion for Response [#26] and the attachments thereto is appropriate.  Although Plaintiff is proceeding *pro se*, he is obligated to comply with the Federal Rules of Civil Procedure and the Court's Local Rules. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).  Additionally, Plaintiff must comply with all Court orders or risk sanction pursuant to Fed. R. Civ. P. 41(b).  The Court has previously instructed Plaintiff as follows: "Responses to answers are neither contemplated by the Federal Rules of Civil Procedure nor permitted by D.C.COLO.LCivR 7.1C.  In the future, Plaintiff is restricted to filing motions, responses to motions, replies to motions, or objections to rulings." *Wingfield v. Robinson, et al.*, No. 10-cv-01375-ZLW-KLM, Docket No. 62 (D. Colo. Dec. 3, 2010) (unpublished order).  Because Plaintiff has ignored this admonishment, his Motion for Response must be stricken to the extent that it is a response to Defendants' Answer [Docket No. 22].

To the extent that Plaintiff's Motion for Response could be construed as a motion for summary judgment, it is wholly inadequate.  Plaintiff does not identify the specific claims on which he believes he is entitled to summary judgment, and his entire legal argument consists of just one sentence: "The Defendants['] blatant lies concerning the events entitles me to a summary judgment in my favor." *Motion for Response* [#26] at 4.  The Motion for Response is therefore not properly pled as a motion for summary judgment.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#27] is **GRANTED**.

IT IS FURTHER **ORDERED** that the Motion for Response [#26] and all attachments thereto are **STRICKEN**.

-2-

IT IS FURTHER **ORDERED** that if Plaintiff wishes to file a motion for summary judgment, he must do so in compliance with Fed. R. Civ. P. 56 and D.C.COLO.LCivR 56.1 before the dispositive motion deadline that will be established at the Scheduling Conference on October 18, 2011.

Dated:  August 8, 2011

BY THE COURT:

 s/ Kristen L.  Mix
Kristen L.  Mix
United States Magistrate Judge