IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-00630-REB-KLM

JOSHUA E. WINGFIELD,

    Plaintiff,

v.

S.O.R.T. SGT. CLARK,
S.O.R.T. DEPUTY BRIESKE,
S.O.R.T. DEPUTY REID,
S.O.R.T. DEPUTY WOODS, and
FOUR UNKNOWN S.O.R.T. DEPUTIES under Sgt. Clarks [sic] command on 2-23-11 who participated in the use force,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff's Motion for Admission and Disclosure of Late Discovery Request** [Docket No. 36; Filed March 22, 2012] (the "Motion"). On March 30, 2012, Defendants filed a Response [#40], and Plaintiff submitted a Reply on April 12, 2012 [#42]. In the Motion, Plaintiff seeks to compel responses to interrogatories and admissions as well as production of his own medical records.[1]

On October 18, 2011, the Court set the discovery deadline for March 9, 2012. *Min. Entry*, [#31] at 1. The Court permitted fifteen Interrogatories per side, fifteen Requests for Production of Documents per side, and fifteen Requests for Admissions per side. *Id.* at 2.

---

[1] On March 26, 2012, the Court issued a Minute Order ruling on Plaintiff's request to amend his Complaint and ordering Defendants to respond to Plaintiff's motion with respect to discovery requests; thus, the Motion remains outstanding as to the discovery requests. *See Min. Ord.*, [#38].

The Court ordered the responding party to serve its answers/objections within thirty days of service of the discovery requests. *Id.* The Court further ordered that written discovery must be served on the opposing party no later than thirty-three days prior to the close of discovery. *Id.*

Plaintiff acknowledges the Court's Order requiring service of written discovery requests no later than thirty-three days prior to March 9, 2012. *See Mot.*, [#36] at 1. He admits that he served his requests less than thirty-three days before the March 9, 2012 deadline. *See id.* However, he states that his tardiness was due to Defendants' delay in providing identification of the deputies who are now named as Defendants, as well as other information allegedly provided on an unspecified date in February 2012. *See id.* He further states that he was unable to finish reviewing those materials until late February. *See id.* In addition, Plaintiff states that he has twice requested copies of his medical records but that Defendants have refused to provide them. *See id.* at 1-2.

In their Response, Defendants assert that Plaintiff's discovery requests: 1) exceed the number of requests he is permitted pursuant to the Court's order of October 18, 2011, and 2) are untimely (Defendants assert that Plaintiff's discovery requests were mailed on March 7, 2012 and received by Defendants two days later). *See Resp.*, [#40] at 1, 3. They state that the discovery requests consist of fifteen interrogatories and eleven requests for admission directed at each Defendant, and also at deputies who are not named parties in this case. *See id.* They assert that the written discovery requests are identical for each recipient. *See id.*; *see also Ex. 1 to Resp.*, [#40-1] (letter from Plaintiff enclosing a copy of "Interrogatories and Admissions for Deputy Brieske"). On March 12, 2012, Defendants responded to Plaintiff's discovery requests by objecting to them as untimely and as

exceeding the numerical limits set by the Court. *See Exs. 2-5 to Resp.*, [#40-2, -3, -4, -5]. Additionally, Defendants sent a letter to Plaintiff informing him that they would not respond to the written discovery directed at the unnamed parties. *See Ex. 6 to Resp.*, [#40-6] at 2.

With respect to Plaintiff's request for his medical files, Defendants assert that the files were provided to him on January 17, 2012 as part of Defendants' Responses to Plaintiff's Request for Discovery. *See Ex. 7 to Resp.*, [#40-7] at 2. In Plaintiff's Request for Discovery, he sought "all medical files related to the incident to include the pod logs, nurse reports, emails, narratives, supplementals, drugs administered to me while I was dead, after I came back to life." *Id.* Defendants responded in part that "[t]he medical files related to the incident, inclusive of the medication record, are being provided to Plaintiff simultaneously with this response (Bates Nos. AC000020-000073)." *Id.* Defendants further aver that all other discovery responses were also provided to Plaintiff on that date, including the video of the underlying incident, which they state that Plaintiff viewed on January 26, January 31, and February 22, 2012. *See Resp.*, [#40] at 3, 3 n.3.

IT IS HEREBY **ORDERED** that the Motion [#36] is **DENIED**. Defendants represent that they have provided Plaintiff's medical records to him, thus Plaintiff's request for them is moot. Regarding Plaintiff's request to issue written discovery requests out of time, the Court finds that Plaintiff fails to establish good cause for such modification of the Scheduling Order. Plaintiff provides no explanation for his inability to timely complete review of the discovery information he received on January 17, 2012 in order to formulate and timely issue discovery requests by February 7, 2012, other than the conclusory allegation that "defendants . . . instruct jail staff to make it difficult . . . to review discovery." [#42] at 1. In the absence of good cause, the Court declines to modify the Scheduling

Order.

Dated:  April 19, 2012

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge